# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | |
|---|---|
| PAUL HUGHEY, | ) |
| Plaintiff, | ) |
| vs. | ) No. |
| CVS CAREMARK, | ) JURY DEMAND |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, and alleges the following in his cause of action against Defendant for violation of the ADEA.

1. Plaintiff, Paul Hughey, resides in Sumner County, Tennessee.

2. Defendant, CVS Caremark is a domestic limited liability company duly registered and authorized to conduct business in the State of Tennessee. Its Principal office is located at 1 CVS Drive, Woonsocket, RI 02895-6146. It can be served through its registered agent, CT Corporation System, 800 S. Gay St., Suite 2021, Knoxville, TN 37929-9710.

## JURISDICTION AND VENUE

3. This action is brought under the ADEA.

4. This Court has jurisdiction under 28 U.S.C. 1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States.

5. This Court has jurisdiction under 28 U.S.C. 1343(4) to hear Plaintiff's claims to recover damages and to secure equitable relief under any Act of Congress providing for the

1

protection of civil rights.

6. This Court has supplemental jurisdiction over all state law claims alleged in this complaint under 28 U.S.C. 1367 as there is a common nucleus of operative facts between state and federal law claims.

7. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## GENERAL FACTUAL ALLEGATIONS

8. Plaintiff was a male employee of CVS Pharmacy, Inc., hired on August 10, 1998.

9. Plaintiff's date of birth is September 21, 1958.

10. Plaintiff was hired as a Pharmacist in Charge and assigned to store no. 4377, which closed in September 1999. He was then assigned to store no. 6441, as the Pharmacist in Charge.

11. Plaintiff came to CVS Pharmacy with thirty years of experience as a pharmacist.

12. In 2000 he was appointed Assistant Clinical Professor for the UT College of Pharmacy.

12. In 2005 he was named Pharmacist of the Year in his district, out of fifty (50) pharmacists in his district. In 2007 he was again awarded the District Paragon Award.

13. In 2010 he was appointed as a preceptor at both Lipscomb University and Belmont University. This was an adjunct faculty position by which fourth-year

2

pharmacy students would travel to Plaintiff's CVS store for 10-12 rotations, working under Plaintiff's tutelage.

14. Plaintiff was qualified for the position he was hired to perform for CVS Caremark.

15. At the time of his termination, Plaintiff was performing the job duties and responsibilities he was hired to perform with CVS Caremark, and had not received any complaints about his performance.

16. In June 2009, Plaintiff merited the rating "exceeds expectations" on his annual performance review.

17. In June 2010, Plaintiff merited the rating "exceeds expectations" on his annual performance review.

18. In June 2011, Plaintiff merited the rating "exceeds expectations" on his annual performance review.

19. In June 2012, Plaintiff received a "meets expectations" on his annual performance review. Plaintiff was given no reason for the lower rating he received on his 2012 review.

20. On August 2, 2012, Plaintiff was called into a meeting with Todd Crowell, Regional L & P manager, and Gene Allen, Acting Pharmacy Supervisor. At this meeting Plaintiff was required to provide written responses to questions regarding his job performance.

21. The meeting with Mr. Crowell and Mr. Allen on August 2, 2012 was the first time Plaintiff had any indication that there was any issue with his job performance.

22. One week later on August 9, 2012 Plaintiff was suddenly terminated, with no

warning or suspension, after fourteen (14) years of service with CVS Caremark.

23. Plaintiff was replaced by a younger pharmacist under the age of forty (40).

24. Plaintiff was terminated due to his age.

25. Plaintiff filed his EEOC Charge and was issued his Right to Sue letter.

## COUNT ONE

### Violations of the Age Discrimination in Employment Act

26. The conduct described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of the Age Discrimination in Employment Act.

27. Defendant is a person as defined by the Age Discrimination in Employment Act.

28. Defendant did segregate or classify Plaintiff based upon his age in a way that would tend to deprive him of employment opportunities or otherwise adversely affect his status as an employee.

29. Defendant's termination of Plaintiff and treating him less favorably than his younger counterparts resulted from a knowing and intentional pattern of discrimination in violation of the Age Discrimination in Employment Act.

30.. As a direct and proximate result of Defendant's violation of the Age Discrimination in Employment Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

**WHEREFORE**, Plaintiff prays:

1. For a jury to be empaneled and a judgment of compensatory damages to include

front pay, back pay and emotional suffering;

2. Punitive damages;

3. Attorney's fees and the cost of litigation to include expert fees;

4. All other remedies and injunctions as are necessary and proper to eliminate the discriminatory practices of Defendant;

5. A judgment against Defendant for prejudgment interest; and

6. Such other relief as this Court deems proper.

Respectfully submitted;

ANDY L. ALLMAN & ASSOCIATES

_____
Andy L. Allman, BPR No. 17857
103 Bluegrass Commons Blvd.
Hendersonville, TN 37075
Phone: (615) 824-3761
Facsimile: (615) 264-2720
andy@andylallman.com