IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PAUL HUGHEY )
)
v. ) NO. 3-13-1016
) JUDGE CAMPBELL
CVS CAREMARK )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 27). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff Hughey was employed by Defendant CVS as a pharmacist from August 10, 1998, until August 8, 2012. As a pharmacist for CVS, Plaintiff was responsible for all aspects of pharmacy operations within the store, including ensuring that everything that occurred in the pharmacy complied with CVS policy and the law. CVS maintained a Pharmacy Operations Manual in the workplace that described various pharmacy policies with which it expected the pharmacists to comply.

One of the CVS policies provided that patients who received a partial amount of their prescription (because the store had an insufficient quantity in stock to dispense the full amount) were not to pay any amount until they received the full quantity of their prescription, whether they were paying themselves or through a third-party insurer. Another CVS policy provided that CVS pharmacists were not allowed to exchange merchandise with competing pharmacies. In addition, one of CVS' policies required pharmacists to take several steps upon the discovery of a dispensing error, including completion of an electronic incident report.

Plaintiff has admitted that in December of 2011, he dispensed a partial amount of a prescription to a patient who was a TennCare beneficiary and billed TennCare for the full amount. Plaintiff has also admitted that his failure to comply with CVS policy caused TennCare to be billed for prescription drugs that the TennCare beneficiary never received, although Plaintiff claims the failure was unintentional. Plaintiff has admitted that he traded Nexium for B-12 with Fred's Pharmacy in violation of CVS policy concerning exchange of merchandise, but he contends that this violation was not worthy of termination. Plaintiff has also admitted that he mis-filled two prescriptions and failed to complete incident reports on those mistakes. Plaintiff claims he was unaware of the mistakes, but his initials were on the incorrectly dispensed prescriptions and they were not reported.

Defendant terminated Plaintiff's employment because of these three violations of CVS policies and procedures. Plaintiff contends that he was fired because of his age, in violation of the Age Discrimination in Employment Act ("ADEA"). Defendant has moved for summary judgment on Plaintiff's claim.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this

burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## AGE DISCRIMINATION

To establish his claim for age discrimination under the ADEA,[1] Plaintiff must show that (1) he was a member of a protected class; (2) he was subjected to an adverse employment action; (3) he was qualified for the position he held; and (4) he was treated differently from similarly situated employees outside the protected class. *Mitchell v. Vanderbilt University*, 389 F.3d 177, 181 (6th Cir. 2004); *Jones v. Shinseki*, 804 F.Supp. 2d 665, 671 (M.D. Tenn. 2011). If Plaintiff is able to establish a *prima facie* case of age discrimination, the burden shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for any adverse employment action. *Schoonmaker v. Spartan Graphics Leading, LLC*, 595 F.3d 261, 264 (6th Cir. 2010). If Defendant provides a legitimate,

---

[1] Although Plaintiff asserts that he has direct evidence of Defendant's age discrimination, nothing Plaintiff presents is direct evidence of discrimination.

nondiscriminatory reason, the burden shifts back to Plaintiff to show that a genuine issue of material fact exists as to whether Defendant's reason is really a pretext to mask intentional discrimination. *Jones*, 804 F.Supp.2d at 673. Plaintiff may demonstrate pretext by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate Defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct. *Id*. Ultimately, Plaintiff bears the burden of persuasion to show that his age was a "but-for" reason for his firing. *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 176 (2009).

It is undisputed that Plaintiff is older than 40 years and that he was subjected to an adverse employment action. For purposes of summary judgment, Defendant also concedes that Plaintiff was qualified for his position. Defendant argues that Plaintiff cannot establish the fourth prong of the age discrimination test, that a similarly-situated employee outside the protected class was treated more favorably than he.

To be similarly situated, the individuals with whom Plaintiff seeks to compare his treatment must have dealt with the same supervisor, have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. *Jackson v. FedEx Corporate Servs., Inc.*, 518 F.3d 388, 393 (6th Cir. 2008).

Plaintiff has not identified any younger employee of Defendant who billed insurance companies for medication not dispensed, traded medications with another pharmacy, failed to properly report dispensing errors, and was not fired for that misconduct. Plaintiff admits that the only other employee of Defendant accused of such misconduct (Mohamed B., who is younger than Plaintiff) was also fired, just as Plaintiff was. Plaintiff alleges that younger employees were not

4

terminated after reports of their sexual harassment and excessive tardiness, but those employees did not engage in the same violations of policies as Plaintiff. In other words, they did not engage in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.[2]

The Court finds that Plaintiff has not established the fourth prong of his age discrimination claim, that similarly situated younger employers were treated differently than he.

Alternatively, even if Plaintiff could establish a *prima facie* case of age discrimination, Defendant has articulated a legitimate, nondiscriminatory reason for firing him, and Plaintiff has not shown that reason to be pretext for age discrimination. Pretext is a commonsense inquiry: did the employer fire the employee for the stated reason or not? *Jones*, 804 F.Supp.2d at 673. The Court must ask whether the employer made a reasonably informed and considered decision before taking the complained-of action, but it does not require that the decisional process used by the employer be optimal or that it left no stone unturned. *Id*.

Defendant concluded, based in part upon Plaintiff's own admissions, that Plaintiff had violated CVS policies. A plaintiff cannot establish pretext so long as the employer made a reasonably informed and considered decision before taking the adverse employment action. *Foster v. Spring Meadows Healthcare Center, LLC*, 2013 WL 829363 at * 10 (M.D. Tenn. March 6, 2013) (*citing Smith v. Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir. 1998)). Where the employer can demonstrate an honest belief in its proffered reason, an inference of pretext is not warranted. *Seeger v. Cincinnati*

---

[2] Plaintiff argues that a younger employee was "high" on the job and threw away prescriptions and was not fired, but the evidence Plaintiff offers for this fact is inadmissible hearsay. In any event, that employee did not commit the same violations as Plaintiff, and the only employee who did, Mohamed B., was also fired.

5

*Bell Telephone Co., LLC*, 681 F.3d 274, 285 (6th Cir. 2012). An employer's proffered reason is considered honestly held where the employer can establish it reasonably relied upon the particularized facts that were before it at the time the decision was made. *Id*. A plaintiff is required to show more than a dispute over the facts upon which the decision was based. *Id*.

Plaintiff has failed to show that Defendant did not have a reasonable belief that Plaintiff had violated company policies on three occasions. Challenging the soundness of the employer's business judgment does not establish age discrimination. *Jones*, 804 F.Supp.2d at 675. Plaintiff has not shown that Defendant's reason for firing him was pretext for age discrimination.

## CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment (Docket No. 27) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

*[signature: Todd Campbell]*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE